**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4249

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISADORE LAMONT LAMKIN, a/k/a LL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (CR-02-852)

Submitted: October 5, 2005          Decided: January 4, 2006

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Isadore Lamont Lamkin pled guilty pursuant to a written plea agreement to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); 924(e) (2000). Lamkin was sentenced to a 200-month term of imprisonment. We affirm the conviction and sentence and deny Lamkin's motion to remand for resentencing.

The district court determined that the statutory conditions set forth in § 924(e), the Armed Career Criminal Act ("ACCA"), were satisfied and assigned Lamkin a base offense level of thirty-four. See U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A) (2002). A three-level adjustment for acceptance of responsibility was applied, thereby giving Lamkin an adjusted offense level of thirty-one. Lamkin was assessed twenty criminal history points, which included a two-point increase under § 4A1.1(d) because he committed the offense while on state parole and a one-point increase under § 4A1.1(e) because he committed the offense less than two years after release from imprisonment on a sentence counted under § 4A1.1(a) or (b), thereby placing him in criminal history category VI. The resulting guideline range was 188 to 235 months. As Lamkin did not object, the district court adopted the findings in the Presentence Investigation Report and sentenced him to a 200-month term of imprisonment.

On appeal, Lamkin's counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal. Lamkin filed a pro se supplemental brief in which he argues that, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), the district court erred in its determination that the offense level under § 4B1.4(b)(3) was thirty-four rather than thirty-three. In his amended pro se supplemental brief, Lamkin expands this argument to include the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). He asserts that the district court committed Sixth Amendment error when it determined, without a jury finding or by admission, that the statutory conditions of the ACCA had been satisfied.

Lamkin's counsel then filed a motion to remand for resentencing in light of the original panel decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). The Government, which had previously elected not to file an answering brief, filed a response in which it requested this court to stay a ruling on this motion until the resolution of the then-pending petition for rehearing *en banc* in Hughes, which has subsequently been denied.

As the issues Lamkin raises are asserted for the first time on appeal, review is for plain error. United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). To establish that a Sixth Amendment error occured during sentencing, a defendant who entered

a guilty plea must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts to which he admitted. Id. However, we have recognized an exception to the general rule in that a district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury. United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). Therefore, an ACCA enhancement will not constitute Sixth Amendment error if the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it." Id. at 283. Thus, Lamkin's first argument, that his prior convictions could not be considered by the district court without a jury finding or an admission, has no merit.

Next, Lamkin argues that the district court erred when it characterized his prior convictions as having occurred on different occasions rather than as a series of crimes committed on a single occasion. We have recently recognized that an "occasion" is a "'predicate offense[] that can be isolated with a beginning and an end[,]'" Thompson, 421 F.3d at 285 (quoting United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995)). Applying this standard in light of the circumstances of Lamkin's prior offenses, we find that the district court did not err in its application of the ACCA.

Lamkin next argues that because he did not plead guilty to or otherwise admit that he possessed a firearm in connection with a controlled substance offense, his base offense level should have been thirty-three, under USSG § 4B1.4(b)(3)(B), rather than thirty-four, under USSG § 4B1.4(b)(3)(A). Even assuming this position is correct, no relief is warranted. Even with an offense level of thirty-three, coupled with Lamkin's criminal history category of VI,[*] his guideline range would have been 235 to 293 months' imprisonment. See USSG Ch. 5, Pt. A (2002) (sentencing table). Because Lamkin's sentence of 200 months does not exceed the maximum authorized by the facts to which he admitted, no Sixth Amendment error occurred. See Evans, 416 F.3d at 300-01.

To the extent Lamkin's final argument can be construed as claiming, for the first time, error in that he was sentenced under a mandatory guideline system, review is for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir 2005). Lamkin has the burden of showing that this error affected his substantial rights. Id. at 223. Because the record contains no nonspeculative basis for concluding that the district court would have imposed a lower sentence under an advisory guideline system, Lamkin cannot make the necessary showing. Id. at 224-25.

---

[*]Lamkin's prior convictions resulted in seventeen criminal history points, thereby placing him in criminal history category VI. As such, the district court's assignment of three additional criminal history points, under § 4A1.1, did not affect Lamkin's criminal history category.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly we affirm Lamkin's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>